# United States District Court
## For the Western District of Virginia
## Harrisonburg Division

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Criminal No: 5:14cr00011-7 |
| v. | | **REPORT AND RECOMMENDATION** |
| **ERNEST RANDAL FITZGERALD,** | | By: Hon. James G. Welsh |
| *Defendant* | | U. S. Magistrate Judge |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3) and upon the defendant's informed and written consent, this case was referred to the undersigned for the purpose of conducting a plea hearing.

As set forth in more detail in the Third Superseding Indictment (docket #161), the Grand Jury previously returned a multiple count, multiple defendant, Third Superseding Indictment charging the above-named defendant in **Count One** that beginning on a date unknown to the Grand Jury, but no later than Spring of 2008 and continuing to on or about March 1, 2011, in the Western Judicial District of Virginia and elsewhere, he and others known and unknown to the grand jury, combined, conspired, and agreed with other persons to distribute a mixture and substance containing a detectable amount of marijuana, a Schedule I controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), All in violation of 21 U.S.C. § 846. In addition, the Third Superseding Indictment contains a **Notice of Forfeiture** apprising the above-

named defendant that certain of his property is subject to forfeiture upon conviction of the offense alleged against him.

In accordance with the provisions of Title 28 U.S.C. § 636(b) a plea hearing was conducted before the undersigned on September 15, 2014. The proceeding was recorded by a court reporter. *See* Rule 11(g). The United States was represented by Drew Smith, Assistant United States Attorney. The defendant was at all times present in person and with his counsel, Sherwin Jacobs.

After the defendant was placed under oath, he stated that he understood his obligation to testify truthfully in all respects under penalty of perjury, and he understood the government's right in a prosecution for perjury or false statement to use against him any statement that he gives under oath. *See* Rule 11(b)(1)(A). The defendant then testified that his name is ERNEST RANDAL FITZERALD; he is fifty-one (51) years of age, and he has an eleventh grade education. He represented that he can read, write and understand the English language without difficulty, that he has no medical condition, either physical or mental, which might interfere with his ability to understand and participate fully in the proceeding, that he is using no medication or drugs which might impair his ability to understand and participate in the proceeding, and that his mind is clear. The defendant's attorney then stated that he had no reservations about his client's competency to plead guilty to a certain charge contained in the multi-count Third Superseding Indictment.

### DEFENDANT'S RESPONSES TO RULE 11 INQUIRIES

The defendant acknowledged that he had received a copy of the Third Superseding Indictment and fully understood the charge against him. He stated that he had discussed the charge with his attorney and had been given enough time to do so. He stated that he understood the nature of the charge against him in the Third Superseding Indictment, and he specifically

2

understood it charged him with a felony offense. *See* Rule 11(b)(1)(G). He testified that he had discussed with his attorney the offense elements which must be proven by the government beyond a reasonable doubt and any possible defenses he might have. He stated that he had been given adequate time to prepare any defenses he might have to the charges. He stated that his decision to enter a plea of guilty to the substantive offense charged in **Count One** of the Third Superseding Indictment had been made after consulting with his attorney and that he was fully satisfied with the services of his attorney.

He next stated that he understood he was in court for the purpose of entering a plea of guilty to a felony offense pursuant to the express terms of the plea agreement. Upon inquiry, the defendant's attorney represented that he had no reservations about the defendant's competency to enter a plea of guilty to an offense in accordance with the terms of the plea agreement.

The defendant confirmed that he fully recognized and understood his right to have the Rule 11 hearing conducted by a United States district judge, and he gave his verbal and written consent to proceed with the hearing before the undersigned United States magistrate judge. The defendant's written consent was filed and made a part of the record.

Counsel for both parties having previously informed the court that the defendant's proposed plea was to be made pursuant to a written plea agreement (*see* Rule 11(c)(2)), counsel for the government then set forth the government's understanding of the plea agreement in some detail: including the agreement of the defendant to plead guilty to the charge of "**distributing and to possessing with the intent to distribute, a quantity of a mixture and substance containing a detectable amount of marijuana, a scheduled I controlled substance, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(C).**" alleged against him in the Third Superseding Indictment [¶A.1.]; the defendant's express acknowledgment that the maximum statutory penalty for the substantive offense charged in Count One (possession with intent to distribute

3

substance containing a detectable amount of marijuana) is a fine of $1,000,000.00, a twenty (20) year term of imprisonment, and a maximum term of supervised release of five years [*Id*]; his express admission of his factual guilt to the substantive offense charged in Count One and his obligation to pay a $100.00 special assessment and the related restitution and assessment provision [¶¶A.1. and B.4.a.]; the defendant's acknowledgment of the trial rights waived by entry of a voluntary plea of guilty [¶A.2.]; the agreement's sentencing-related provisions, including the defendant's acknowledgment that sentencing is within the sole discretion of the court "subject to its consideration" of the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553(a), the defendant's express recognition that he would not be allowed to withdraw his guilty plea even if the court disregards the plea agreement's stipulations and recommendations, the defendant's acknowledgment that he would not be eligible for parole during any term of incarceration and that there is a substantial likelihood he will be incarcerated, the parties' agreement that the 2013 edition of the guidelines manual applies to the offense, the parties' agreement concerning the sentencing impact of the Sentencing Commission's proposed amendment to the Drug Quantity Table (U.S.S.G. § 2D1.1), the acceptance of responsibility provision, and the substantial assistance provision [¶¶B.1.-B.3.]; the defendant's monetary and related obligations, including *inter alia* the terms of his obligation to pay a mandatory assessment of $100.00, his obligation to pay restitution of the entire scope of his criminal conduct, the terms of the defendant's agreement to consent to a $25,000.00 asset forfeiture, and the terms of the defendant's various restitution, collection and forfeiture-related obligations [¶B.4, and ¶C.]; the scope of the defendant's express waiver of his right of direct appeal [¶D.1.]; the scope of the defendant's express waiver of his right to make any collateral attack on any judgment or sentence imposed by the court [¶D.2.]; the defendant's waiver without limitation of

4

any right to access any records pertaining to the investigation or prosecution of this case [¶D.3.]; the defendant's abandonment of any seized property [¶D.5.]; the defendant's acknowledgement that in the event he is a non-citizen he may be subject to deportation, the denial of citizenship and the denied future admission to the United States (*see* Rule 11(b)(O)) [¶D.6.]; the defendant's stipulation of the admissibility and waiver of any constitutional or other legal protections related to any statements previously made by him in any setting in the event he withdraws his pleas of guilty [¶D.7.]; the defendant's various additional obligations [¶D.8.]; the remedies available to the government in the event of a breach of the agreement by the defendant [¶E.]; the defendant's acknowledgment that he had been effectively represented in this case [¶F.3.]; the parties express acknowledgment that the written plea agreement constituted the entire understanding between the parties and that it did not apply to any crimes or charges not addressed in the agreement [¶F.2.]; the agreement's provision pertaining to the defendant's waiver of any misconduct claims [¶F.4.]; the defendant's stipulation that there is a sufficient factual basis to support the elements of the offense to which he is pleading guilty [¶F.5.]; and the substance of the agreement's other terms and provisions. *See* Rule 11(b)(1)(B)–(O) and 11(c)(1)–(3).

After which, the defendant was asked whether his understanding of the terms of the agreement was different in any way from that outlined by the attorney for the government, and he testified that his understanding was precisely the same as that set forth by the government's attorney. Counsel for the defendant, likewise, represented that his understanding was the same; he further represented that each of its terms had been reviewed with the defendant, and he stated that he was satisfied that the defendant understood all of its terms.

The defendant was then shown the plea agreement, and he affirmed it to be his signature on the document. He further testified that no one had made any other, different or additional promise or assurance of any kind in an effort to induce him to enter a plea of guilty and that no

5

one had attempted in any way to force him to plead guilty in this case. The agreement was then received, filed and made a part of the record, and it was noted for the record that the written plea agreement constitutes the best evidence of its terms, and as such it "speaks for itself."

After the range of punishment for the substantive offense charged in Count One of the Third Superseding Indictment had been outlined to the defendant, he acknowledged that he understood the maximum statutory penalty proved by law for conviction of the offense is a fine of $1000,000.00, a twenty (20) year term of imprisonment, and a five year term of supervised release. *See* Rule 11(b)(1)(H)-(I). In addition, the defendant re-acknowledged that he understood that he would be required to pay a mandatory $100.00 special assessment. *See* Rule 11(b)(1)(L).

The defendant then acknowledged that he knew his plea, if accepted, would result in him being adjudged guilty of a felony offense and that such adjudication may deprive him of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury and the right to possess any kind of firearm.

The defendant was informed, and he expressly acknowledged, that the court's determination of his sentence would include consideration of multiple factors, including: the nature and circumstances of the offense; the defendant's history and characteristics; the seriousness of the offenses; the need to promote respect for the law; the need to provide for just punishment and afford adequate deterrence; the need to protect the public; any determined need to provide the defendant with educational or vocational training, medical care or other correctional treatment in the most efficient manner; the kinds of available sentences; the pertinent sentencing guidelines and policy statements; the need to avoid unwanted sentence disparities; and any need to provide for restitution. He also acknowledged that he understood the court may order him to make full restitution to any victim and, if accepted, the plea agreement required entry of a **$25,000.00 forfeiture judgment**. *See* Rule 11(b)(1)(J)–(K). Additionally,

6

the defendant acknowledged that he understood his entry of a guilty plea pursuant to the terms of the plea agreement he may be waiving any right he might have to appeal any issues of proportionality or fairness and any right to a jury determination of forfeitability. *See United States v. Austin*, 509 U.S. 602 (1993) and *Libretti v. United States*, 516 U.S. 29 (1995). He also expressly acknowledged the government's right to seek forfeiture of substitute assets.

The defendant testified that he and his attorney had talked about how the Sentencing Commission Guidelines might apply to his case and the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Guidelines and other factors under 18 U.S.C. § 3553(a). *See* Rule 11(b)(1)(M). He stated that he understood that the court will not be able to determine the recommended guideline sentence for his case until after the pre-sentence report had been completed and he and the government each had an opportunity to challenge the facts reported by the probation officer.

The defendant then acknowledged that he knew the entry of a guilty plea constituted an admission of all of the elements of a formal felony charge, and he knew that irrespective of any sentence imposed by the court he would have no right to withdraw this guilty plea. *See* Rule 11(c)(3)(B). He acknowledged that he knew parole had been abolished and that he would not be released on parole. He further acknowledged that he knew and understood any sentence of incarceration imposed by the court would also include a period of "supervised release," and he knew any violation of the terms or conditions of such supervised release could result in his being returned to prison for an additional period of time. *See* Rule 11(b)(1)(H).

Pursuant to the terms of the plea agreement [¶D.1.], the defendant expressly acknowledged that he understood that he was giving-up all waivable rights to appeal. Likewise, pursuant to the terms of the plea agreement [¶D.2.], he expressly acknowledged that he

7

understood he was giving-up all waivable rights to challenge his conviction or his sentence in any post-conviction proceeding.

Each of his procedural rights surrendered on a plea of guilty was also explained: including, his right to plead not guilty to any offense charged against him and his right to persist in any such not guilty plea; his attendant right to a trial by an impartial jury; his right to counsel to assist in his defense; his presumption of innocence, the obligation of the government to prove his guilt beyond a reasonable doubt; his right at trial to see, to hear, to confront, and to have cross-examined all witnesses presented against him; his right to decline to testify unless he voluntarily elected to do so in his own defense; his right to remain silent; his right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify in his defense; and his right to a unanimous guilty verdict. *See* Rule 11(b)(1)(B)–(E). The defendant testified that he understood his right to plead not guilty and the attendant trial rights that he would waive by pleading guilty. *See* Rule 11(b)(1)(F).

In direct response to further questioning, the defendant also testified that he was pleading guilty to the substantive offense charged in Count One of the Third Superseding Indictment, because he had in fact engaged in the described criminal activity.

To permit the court to determine whether an independent basis in fact existed for the defendant's plea, counsel for the government submitted for filing as part of the record a written Statement of Facts which summarized the facts that the government was prepared to prove at trial to establish the substantive offense charged against the defendant in the Indictment. The defendant and his counsel each represented that the defendant had reviewed it, was fully aware of its contents, and did not contest any of the facts set forth therein. With the signature of the defendant and with the acknowledgment of the defendant and his attorney that the written

8

Statement of Facts fairly summarized the government's case, it was received, filed and made a part of the record. *See* Rule 11(b)(3).

After testifying that he had heard and understood all parts of the proceeding and after consulting further with his attorney, the defendant stated that he remained ready to plead guilty pursuant to the terms of the plea agreement. After voluntarily waiving a reading of the Indictment, the defendant entered a plea of GUILTY to the substantive offense charged in Count One. The clerk then read the written guilty plea form to the defendant; after acknowledging it to be correct, the defendant executed it, and it was filed and made a part of the record.

After entering his plea of guilty and after an independent basis for the plea was established, the defendant was again addressed personally. He reconfirmed that his decision to plead guilty to this offense was fully voluntary and did not result from any force, threats, promises of leniency or other inducement of any kind *See* Rule 11(b)(2). The defendant also reconfirmed his complete satisfaction with the services and assistance of his attorney.

The defendant was then informed that acceptance of the plea agreement and his guilty plea would be recommended to the presiding district judge, that a pre-sentence report would be prepared, that he would be asked to give information for that report, that his attorney may be present if he wished, and that he and his attorney would have the right to read the pre-sentence report and to file objections to it. The defendant was then continued on his bond on the same terms and conditions pending preparation of a pre-sentence report and acceptance of his guilty plea by the presiding district judge.

## GOVERNMENT'S EVIDENCE

The agreed written Statement of Facts referenced above is incorporated herein and made a part hereof by reference.

## FINDINGS OF FACT

Based on the evidence, representations of counsel, and the defendant's sworn testimony presented as part of the hearing, the undersigned submits the following formal findings of fact, conclusions and recommendations:

1. The parties have entered in to a plea agreement pursuant, and it is recommended that this plea agreement be accepted;

2. The defendant is fully competent and capable of entering an informed plea to the substantive offense set forth in Count One of the Third Superseding Indictment;

3. The defendant is fully aware of the nature of the charge, and he is also fully aware of the consequences of his guilty plea to said offense;

4. The defendant is fully informed, and he understands, the applicable enumerated items set forth in Rule 11(b)(1)(A)–(O);

5. The defendant's plea of guilty was made pursuant to a fully voluntary written plea agreement;

6. The defendant's entry into the plea agreement and his tender of a plea of guilty pursuant to the terms of the plea agreement were both made with the advice and assistance of counsel;

7. The defendant knowingly and voluntarily entered his plea of guilty;

8. The defendant's plea of guilty did not result from force, threats, inducements or promises other those promises contained in the written plea agreement; and

9. The evidence presents an independent basis in fact containing each essential element of the felony offense to which the defendant has entered a plea of guilty.

## RECOMMENDED DISPOSITION

Based on the above findings of fact, the undersigned **RECOMMENDS** that the court **ACCEPT** the defendant's plea of guilty to the substantive offense alleged in Count One of the Third Superseding Indictment, that he be **ADJUDGED GUILTY** of this felony offense, and that a sentencing hearing be held on December 18, 2014 beginning at 11:30 a.m. before the presiding district judge.

## NOTICE TO PARTIES

NOTICE is hereby given to the provisions of 28 U.S.C. § 636(b)(1)(c): Within fourteen (14) days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by the rules of court. The presiding district judge shall make a *de novo* determination of those portions of the report or specified findings or recommendations to which an objection is made. The presiding district judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The presiding district judge may also receive further evidence or recommit the matter to the undersigned with instructions. **A failure to file timely written objections to these proposed findings and recommendations within fourteen (14) days could waive appellate review.**

The clerk is further directed to transmit a copy of this Report and Recommendation to all counsel of record, and at the conclusion of the fourteen-day period the clerk is directed to transmit the record in this matter to the presiding United States district judge.

DATED: This 26th day of September 2014.

*s/ James G. Welsh*
United States Magistrate Judge